IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TRUDY J. BOOTHE,
as Executrix of the Estate of
ALBERT D. BOOTHE,

      Plaintiffs,

v.                                    CIVIL ACTION NO. 2:18-cv-01329

GLASGOW OEPRATING COMPANY, LLC., et al.,

      Defendant.

## MEMORANDUM OPINON AND ORDER

Pending before the Court is Defendant SavaSeniorCare, LLC's motion to dismiss Plaintiff's claims against SavaSeniorCare, LLC pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[1] (ECF No. 6.)

Under Federal Rule of Civil Procedure 12(b)(2), a court may dismiss claims for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "When a non-resident defendant files a motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure challenging the court's power to exercise personal jurisdiction, 'the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence.'" *Felman Prod. v. Bannai*, 517 F. Supp. 2d 824, 827–28 (S.D. W. Va. 2007) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). However, "[w]here, as here, the district court addresses the question of personal jurisdiction on the basis of motion papers, supporting legal memoranda, and the allegations in the complaint, the plaintiff bears the burden of

---

[1] Also pending before the Court is SavaSeniorCare, LLC's motion to stay discovery pending resolution of its motion to dismiss. (ECF No. 19.) As this memorandum opinion and order decides the motion to dismiss, the Court **DENIES AS MOOT** the motion to stay discovery. (ECF No. 19.)

making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009). "In considering whether the plaintiff has met this burden, the district court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014) (citation and quotation marks omitted).

Here, SavaSeniorCare, LLC argues that the Court does not have personal jurisdiction over it because SavaSeniorCare, LLC does not have sufficient minimum contacts with the State of West Virginia. (*See* ECF No. 7 at 3.) Plaintiff informed the Court that it did not oppose SavaSeniorCare, LLC's motion. As such, Plaintiff has not met her burden of showing that the Court has jurisdiction over SavaSeniorCare, LLC. Accordingly, the Court **GRANTS** the motion, (ECF No. 6), and **DISMISSES** Plaintiff's claims against SavaSeniorCare, LLC. The Court further **DIRECTS** the Clerk to remove SavaSeniorCare, LLC as a defendant in this action.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 18, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE